UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIXIE ROWLEY,

           Plaintiff,

    v.                            CASE NO. 8:04-CV-1742-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

           Defendant.

_____/

## ORDER

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision terminating her period of disability benefits.[1]  Essentially, the Plaintiff argues the Administrative Law Judge ("ALJ")should remand the case pursuant to sentence six of 42 U.S.C. § 405(g) in light of the new evidence she submitted.[2]  After reviewing the ALJ's decision, I find the new evidence does not warrant remand under sentence six of 42 U.S.C. § 405(g).  Accordingly, the ALJ's decision is affirmed and the complaint is dismissed.

---

[1]  The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 7).

[2]  Notably, the Plaintiff does not assert that substantial evidence does not support the ALJ's decision.  The Plaintiff did not oppose the Commissioner's motion to construe Plaintiff's memorandum of law in support of remand as her memorandum of law in support of the allegations in her complaint.  *See* doc. 17.

A.      *Background*

The Plaintiff filed an application for disability insurance benefits and disability on April 29, 1997, alleging disability since September 4, 1996, due to back/neck pain, lung problems, migraine headaches, and arthritis.  Although the Social Security Administration initially denied Plaintiff's claim, upon reconsideration on February 11, 1998, a disability examiner found Plaintiff's lung problems equated in severity to Listing 3.02A, chronic pulmonary obstructive pulmonary disease (COPD), and awarded disability benefits (R. 39-40).  Upon review, the Social Security Administration determined Plaintiff's disability impairment ceased as of May 1, 2001, and terminated benefits effective July 31, 2001.  The Plaintiff sought review, and a disability hearing officer found her not disabled on October 4, 2001.  Thereafter, the Plaintiff appealed and appeared before an ALJ on October 8, 2003, who issued a decision December 17, 2003, affirming Plaintiff's entitlement to period of disability and disability insurance benefits ceased as of July 31, 2001.

The Plaintiff was 43 years old at the time of the final decision before the ALJ.  She completed high school and attended two years of college.  Her past relevant work experience includes work as a preschool teacher and bookkeeper.  She was involved in a work-related accident in November 1995, injuring her neck.  Plaintiff injured her back and neck in a car accident in April 1996 and experienced post traumatic stress disorder and depression thereafter.  Notably, in October 1996, in an apparent suicide attempt, Plaintiff developed adult respiratory distress syndrome with respiratory failure requiring prolonged mechanical ventilation for approximately four weeks as a result of ingesting medications. A disability hearing officer found her disabled due to listing level severity COPD.  However, the social

2

security administration and subsequently the ALJ concluded that as of May 1, 2001, Plaintiff's condition improved and she was able to perform her past work as a bookkeeper, finance secretary, assistant director and teacher of a preschool, and office manager as performed in the national economy.

      B.      *Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration has established eight evaluation steps to assure that disability reviews are carried out in a uniform manner and that any decisions to stop disability benefits are made objectively and neutrally and are fully documented. *See* 20 C.F.R. § 404.1594(f). The eight evaluation steps are: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant's impairment(s) meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (3) whether there has been medical improvement[3] in the claimant's impairment(s); (4) whether the medical

---

[3] "Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)."

improvement is related to the claimant's ability to work (i.e., whether there has been an increase in the claimant's residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination); (5) whether any exception to the medical improvement standard applies;[4] (6) if medical improvement is shown to be related to the claimant's ability to work, the Commissioner will determine whether any of the claimant's impairments, or combination thereof, are severe;[5] (7) if the claimant's impairment(s) is severe, the Commissioner will determine whether the claimant retains the functional capacity to return to any of his past relevant work; and (8) if the claimant cannot perform the tasks required of his prior work, the Commissioner must decide if the claimant can do other work in the national economy in view of his age, education and work experience.[6]  A claimant is entitled to continued benefits only if unable to perform other work.  *See*  20 C.F.R. § 404.1594(f).

   C.    *Discussion*

   Plaintiff asserts only that this Court should remand the case pursuant to sentence six of 42 U.S.C. §405(g) in light of psychologist Richard Belsham's report dated August 24,

---

20 C.F.R.§ 404.1594(b)(1).

   [4]  If it is found at step three that there has been no medical improvement or at step four that the medical improvement is not related to the claimant's ability to work, the Commissioner will consider whether any of the exceptions in 20 C.F.R. § 404.1594(d) and (e) apply (i.e., a prior determination or decision was fraudulently obtained).  *See* 20 C.F.R. 404.1594(f)(5).

   [5]  An impairment is severe if it imposes significant restrictions on the claimant's ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521.

   [6]  The disability review may cease and benefits may be continued at any step in the evaluation process where it is determined there is sufficient evidence to find that the claimant is still unable to engage in substantial gainful activity.  20 C.F.R. § 404.1594(f).

2004, subsequent to the ALJ's decision terminating her disability benefits.  Apparently, the State of Florida Office of Disability Determinations retained Dr. Belsham to examine Plaintiff in connection with a new application for benefits Plaintiff filed after the Social Security Administration terminated her benefits.[7]

In order to obtain a remand, a claimant must establish that: (1) new, noncumulative evidence exists; (2) the evidence is material in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).

The Commissioner argues that the new evidence is cumulative; I agree.  The medical evidence reflects that Plaintiff treated off-and-on with a neurologist, Dr. Ralph Gonzalez, for complaints of tremor and migraine headaches.  Dr. Gonzalez's records show normal mental health status.  The medical evidence shows Plaintiff did not seek mental health treatment from any psychologists, psychiatrists, or other physicians or therapists during the time period since her disability determination in February 1998.  On April 3, 1997, consultant Harold Smith, Ph.D. opined that Plaintiff did not show current evidence of depression, a depressive disorder, or post traumatic stress disorder.  More importantly, the evidence demonstrates that even after Plaintiff recovered from her disabling COPD, she did

---

[7]  Interestingly, Plaintiff's original disability application claimed disability due to back/neck pain, lung problems, migraine headaches, and arthritis, *not* dementia, head trauma, or psychiatric problems. The regulations provide, however, that even if a claimant recovers from the impairment initially entitling her to disability benefits, the claimant may still be considered disabled if a new, severe impairment began in or before the month in which the claimant's prior impairment ended.  20 C.F.R. § 404.1598.

not suffer from any mental health impairments.  On May 23, 2001, Carol Deatrick, Ph.D. opined she had non-severe anxiety-related disorders and on August 23, 2001, Timothy Forster, Ph.D. opined she had no medically determinable impairments.  Dr. Forster indicated "MSE is done by neurologist but is complete and reports no significant psych problems.  I see no psych signs and symptoms and no current psych Diagnosis." (R. 517)

Plaintiff argues that the newly submitted evaluation by a psychologist establishes her disability benefits were wrongfully terminated.  I find, however, that the new evidence is cumulative since there are several other psychological evaluations contained in the medical evidence.  I further find that the new evaluation is too remote in time to establish Plaintiff had a new severe mental impairment that began in or before May 1, 2001, when her prior COPD impairment ended.  *See* 20 C.F.R. § 404.1598.

The Commissioner also asserts the new evidence is not material since it occurred subsequent to the ALJ's decision.  Again, I agree.  The newly submitted psychological evaluation post-dates the ALJ's decision to terminate benefits, and there are multiple other psychological evaluations contained in the medical evidence and reviewed by the ALJ that were conducted during the relevant time period.  Because Dr. Belsham's evaluation post-dates the relevant time period by several years and conflicts with contemporaneous treatment notes of her treating neurologist and several consulting psychologists' opinions, I find there is no reasonable possibility that it would change the administrative results below.  Dr. Belsham opined that Plaintiff dementia and mood disorder are due to the head trauma she suffered in her 1996 car accident, however the treating neurologist and three previous examining psychologists failed to diagnose Plaintiff with these conditions.  As the

6

Commissioner noted, it is unlikely that the ALJ would give greater weight to a one-time consultant who speculated that Plaintiff's condition in August 2004 related back to May 2001 rather than rely on her treating neurologist and the consulting psychologists who rendered opinions in 2001. Additionally, Plaintiff has already filed a new disability application and this is the proper procedure for Plaintiff to attempt to receive benefits based on her current psychiatric condition. *See Johnson v. Apfel*, 191 F.3d 770 (7th Cir. 1999) (finding where new medical evidence related to time period after cessation of original disability the claimant should file a new disability application).

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.     The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.     The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 16th day of August, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

7